UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARCUS EFFENDI TASLIM,

Defendant.

No. 2:23-cr-283-WBS-1

ORDER

----oo0oo----

Defendant Marcus Effendi Taslim filed a "request for permission to travel and release of passport" on May 26, 2026. (Docket No. 35.)  Defendant seeks authorization to travel to Indonesia from June 24, 2026, to July 22, 2026, and further asks the court to order the government to release his passport. (Id.)[1]  The government opposes defendant's motion.  (Docket No.

---

[1]    If a defendant wishes to travel outside the United States while on probation pursuant to a term of supervised release imposed by the court at sentencing, then he ordinarily begins by filing a travel authorization request with the Probation Officer supervising his case.  The U.S. Probation

1

36.)  For the reasons below, defendant's motion will be denied.

Following his initial appearance and arraignment on October 16, 2024, defendant was granted pretrial release subject to certain special conditions prohibiting defendant from traveling outside the Eastern District of California unless his travel plans were "approved in advance by the pretrial services office."  (Docket Nos. 10 at ¶ 5, 17 at ¶ 5.)  In November 2024, those conditions were amended to also require defendant surrender his passport to the Clerk of court during the pendency of his trial.  (Docket No. 17 at ¶ 6.)  Thus, defendant explains the purpose of his proposed visit to Indonesia is to see his wife for the first time since before October 2024.  (Docket No. 35 at 2.)

The court has reviewed the presentence report and other filings in this case and notes that defendant was convicted of fraud and misuse of visas under 18 U.S.C. § 1546.  (Docket No. 34.)  For this he was sentenced to a 15-month term of confinement followed by a 12-month term of supervised release and was further

Office then prepares and submits to the court a memorandum evaluating the request and recommending that it either be granted or denied.

Here, defendant declined to follow this standard procedure, instead electing to file his request directly with the court. (See Docket No. 35.)  Because defendant -- who the court notes is represented by counsel -- filed his request directly with the court rather than with his probation officer, and because he asks the court to "order probation to release his passport so he can travel" (Docket No. 35 at 1) (emphasis added), the court finds that defendant's request is properly construed as a motion.  See, e.g., Franklin v. Pinnacle Ent., Inc., No. 4:12-cv-307 CAS, 2013 WL 11235897, at *1 (E.D. Mo. Jan. 28, 2013) (explaining that where a party's filing "asks the Court to take action, it is properly construed as a motion.").

2

ordered to pay victim restitution in the amount of $37,872.95. (Id.)

The court remains convinced that the sentence was appropriate under the circumstances then and now.  In other words, the seriousness of defendant's crime continues to weigh on the court and advises against permitting international travel.

The government's opposition to defendant's motion likewise counsels against authorizing his requested travel.[2]  The government notes defendant's strong ties to Indonesia, including Indonesian citizenship.  (Docket No. 36 at 2.)  The government argues that "[i]f permitted to travel internationally, Taslim is likely to resume his life abroad."  (Id.)  Additionally, the government notes that while defendant "has regularly made nominal payments towards his restitution obligations," he "has yet to make any significant dent" and, as of the date of the government's opposition, still owes "$37,167.74."  (Id.; see also id. at 2, n1.)[3]

Finally, the court is not persuaded that the reasons for defendant's travel justify approval.  Under all of the relevant factors, the request will be denied.

IT IS THEREFORE ORDERED that defendant's request and

---

[2]    In its opposition, the government states that "[t]he United States joins Probation in strongly opposing the return of his passport and permission for international travel."  (Docket No. 36 at 2 (emphasis added).)  The court notes, however, that it has not received any memoranda or other filings from probation.

[3]    The government advises that "[i]f Taslim immediately satisfies his restitution obligations in full, then the United States will reconsider his request."  (Docket No. 36 at 2, n2.)

motion (Docket No. 35) be, and the same hereby is, DENIED.

Dated:   June 22, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE